EASTERN DIST.
June, 1835.

HARRIS
vs.
DENISON ET AL.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.

================

## HARRIS vs. DENISON ET AL.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

If, from the tacit admissions of a vendee, that he had acquired no title to a certain slave in his possession, from the true owner, but that the sale to him was simulated, and permits a creditor of his vendor to seize and sell the slave in contest, at public sale, the purchaser will acquire a valid title thereto, without any suit to set aside the first sale.

This is an action of revendication to recover a slave in the possession of the defendant, Denison.

The plaintiff alleges he purchased the slave in question from F. Proctor, by public act, dated the 27th February, 1833; that said slave is detained by Mrs. Emily Denison, who refuses to deliver him up; and also, that he fears he will be ill treated. He prays to have the slave sequestered and decreed to be his property, &c.

Mrs. Denison averred, the slave in dispute belonged to the succession of her late husband, then in a course of administration in the Probate Court, to which tribunal she prays the case may be transferred.

## 544　　CASES IN THE SUPREME COURT

Parker, the curator of Denison's vacant estate, intervened and claimed the slave for the succession of Denison; and that his widow was in lawful possession, in virtue of a bill of sale from one Gomez to her late husband, made before a notary, the 1st June, 1832, accompanied by delivery. He claims to have the slave delivered up, and three hundred dollars in damages sustained by the sequestration.

The plaintiff, in answer to the intervention of Parker, denied all the allegations in the petition, and further averred, that the pretended sale, under which Denison claimed the slave, was false, fraudulent and simulated, and that he is a possessor in good faith, &c.

Parker pleaded the prescription of one year against the averments in the answer to his intervention; that the sale of Gomez to Denison, dated the 1st of June, 1832, could not be attacked or rescinded for fraud, as more than a year had elapsed before any proceedings were taken in the matter.

Upon these pleadings, the parties went to trial. The evidence showed that the slave in question was sold by the city marshal, the 11th February, 1833, under a judgment obtained in the City Court by M. Harris vs. Gomez, when F. Proctor became the purchaser, and conveyed him to the plaintiff. It further appeared, that Denison himself brought the slave to the coffee-house and gave him up to be sold by the city marshal, and remained there until he was adjudicated to Proctor.

It was also in evidence, that at the time Gomez became embarrassed, he consulted, as to the means of preventing his creditors from seizing his property; and, finally, concluded to make a sale of it to Denison, who was then his foreman in a foundry. The slave in question was included.

In 1833, after this sale, the plaintiff claimed to have the slave given up, and Denison, who had him at work with him, admitted he belonged to the plaintiff, but could not spare him then, on account of his valuable services, and was willing to allow him liberal wages.

The district judge decided that the plea of prescription did
not apply, as Denison was neither alleged nor proved to be a creditor of Gomez. That it was only a sale to a preferred
creditor which must be attacked within a year; but, that a simulated sale might be assailed and set aside at any time. Judgment was rendered that the plaintiff recover the slave, with costs. The intervenor appealed.

*Sterrett,* for the plaintiff.

*Preston,* for the appellant.

*Mathews J.,* delivered the opinion of the court.

This is a petitory action in which the plaintiff alleges his title to a certain slave named in the petition, and claims to recover him from the defendant, in whose possession the property was, at the time of commencing suit. She, in her answer, does not set up title in herself, but avers that the slave in question belongs to the succession of her husband, which is administered by E. E. Parker, who intervened in the suit and claimed him for the benefit of said succession. Judgment was rendered in the court below, in favor of the plaintiff, from which the intervenor appealed.

The immediate title under which the appellee claims, is an act of sale from F. Proctor, who purchased the slave at a public sale made by the marshal of the City Court, in pursuance of an execution issued on a judgment which the plaintiff had obtained against one Gomez; the property being seized as belonging to the defendant in that case.

The title set up by the intervenor, in favor of the succession of John Denison, rests on a sale made by Gomez, of all his property to Denison, during the lifetime of these parties, they both being now dead. Amongst the property sold, the slave in dispute was included. On the validity of this sale, depends the claim of the appellant. It was considered as simulated when the seizure was made under the execution of the plaintiff. This took place when Denison was living, and the property was seized while in his possession, as belonging

If from the tacit admissions of a vendee, that he had acquired no title to a certain slave in his possession, from the true owner, but that the sale to him was simulated, and permits a creditor of his vendor to seize and sell the slave in contest, at public sale, the purchaser will acquire a valid title thereby, without any suit to annul the first sale.

to Gomez, and was willingly given up by the possessor, who was present at the adjudication made by the marshal, and made no objections to the propriety and legality of the proceeding.

If Denison be considered as a person having common understanding, and in the least degree capable of knowing and estimating his rights to property, his conduct above stated, as disclosed by the testimony, was virtually an acknowledgment that he had no just claim to the slave thus seized and sold; and, consequently, that the sale from Gomez to him was simulated and without effect; so far, at least, as it purported to convey title to the property now in question. If, then, by his own tacit admissions, he had acquired no title by the pretended sale from Gomez, who was the owner, the purchaser at the sale by the marshal, obtained a valid title, which he soon after conveyed to the plaintiff.

The conduct of Denison, subsequent to the time when the plaintiff assumed the rights of an owner, under the sale from Proctor, as shown by the testimony, strongly corroborates the truth of the principles which we have assumed. The slave returned into his possession, and when demanded from him, on the part of the plaintiff, so far from setting up any claim of property, he agreed to pay him for the use of his services.

If we are correct in this view of the cause, all the doctrine on the subject of suits to annul contracts and prescriptions provided for them, relied on in favor of the appellant, may well remain unnoticed, as inapplicable to this case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.